ROBERT P. SMITH, Jr., Judge.
We affirm appellant’s conviction for possession and delivery of cannabis, Sections 893.13(l)(a)2 and 893.13(l)(e), Florida Statutes (1979), and in doing so reject appellant’s claim that the State’s proof of a growing stand of marijuana 100 feet from appellant’s mobile home, where he allegedly *604 delivered small quantities to undercover agents, was irrelevant and wrongfully prejudicial as character-disparaging or propensity evidence, excluded by Williams v. State, 110 So.2d 654 (Fla.1959). The evidence had some marginal relevance in showing a likely source of the marijuana delivered, or in showing appellant’s constructive possession, at the time of delivery, of that source. The evidence tended also to disprove the (correctly) anticipated defense that the agents improperly solicited the delivery from one who was not disposed to possess marijuana for any purpose other than personal use. The distance of the marijuana stand from the mobile home attenuated its relevance but also correspondingly lessened any undue prejudice from the implication that appellant may have been guilty of serious crimes not charged. Being somewhat relevant, and not being unduly prejudicial under all the circumstances, the evidence was admissible. The trial judge did not abuse his discretion in permitting the proof during the State’s case in chief rather than in rebuttal.
AFFIRMED.
MILLS, C. J., and WENTWORTH, J., concur.